B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>First Federal Insurance Company | **DEFENDANTS**<br>Crittenden Hospital Association d/b/a Crittenden Regional Hospital; Jan Thomas, Trustee; Bank of the Ozarks; D & A Enterprises, Inc. d/b/a SERVPRO; Baldwin & Shell Construction Company; Dixon Hughes Goodman LLP d/b/a DHG Healthcare; and Crittenden County, Arkansas |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Charles T. Coleman and Kimberly W. Tucker<br>Wright, Lindsey & Jennings LLP<br>200 W. Capitol Ave., Ste. 2300<br>Little Rock, AR  72201; (501) 371-0808 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
This is a cause of action in interpleader and for declaratory judgment.  Jurisdiction under 28 U.S.C. §157 (b)(2)(A), (E) and (K).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought<br>          Interpleader | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Crittenden Hospital Association | BANKRUPTCY CASE NO.<br>3:14-bk-14948 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Arkansas | DIVISION OFFICE<br>Jonesboro | NAME OF JUDGE<br>Evans |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*[signature: Charles T. Coleman]*

DATE 9/17/14

PRINT NAME OF ATTORNEY (OR PLAINTIFF)
Charles T. Coleman

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

IN RE:   CRITTENDEN HOSPITAL
         ASSOCIATION                              Case No. 3:14-bk-14948
                                                  (Chapter 7)


FEDERAL INSURANCE COMPANY                                     PLAINTIFF

V.                      CASE NO. _____

CRITTENDEN HOSPITAL ASSOCIATION
d/b/a CRITTENDEN REGIONAL HOSPITAL;
A. JAN THOMAS Jr., TRUSTEE; BANK OF THE OZARKS;
D & A ENTERPRISES, INC. d/b/a SERVPRO;
BALDWIN & SHELL CONSTRUCTION COMPANY;
DIXON HUGHES GOODMAN LLP d/b/a DHG
HEALTHCARE and CRITTENDEN COUNTY,
ARKANSAS                                                      DEFENDANTS


## COMPLAINT IN INTERPLEADER AND FOR DECLARATORY JUDGMENT

Federal Insurance Company ("Federal" for its Complaint in Interpleader against Defendants Crittenden Hospital Association d/b/a Crittenden Regional Hospital ("CRH"), A. Jan Thomas Jr. , Chapter 7 Trustee ("Trustee"), Bank of the Ozarks, D&A Enterprises Inc. d/b/a/ SERVPRO ("SERVPRO"), Baldwin & Shell Construction Company ("Baldwin & Shell"), Dixon Hughes Goodman LLP d/b/a/ DHG Healthcare ("DHG") and the Crittenden County, Arkansas ("the County") (collectively, "Defendants"), states as follows:

1

1229095-v1

# I. PARTIES

1. Federal is an Indiana Corporation with its principal place of business in Warren, New Jersey. Federal is authorized to do business in the State of Arkansas.

2. Defendant Crittenden Hospital Association d/b/a Crittenden Regional Hospital ("CRH") is an Arkansas nonprofit corporation in good standing with the Arkansas Secretary of State. On September 12, 2014, CRH filed a Petition under Chapter 7 of the Bankruptcy Code in this Court.

3. A. Jan Thomas Jr. was appointed as the Chapter 7 Trustee for the bankruptcy estate of CRH.

4. Defendant Bank of the Ozarks is an Arkansas state chartered bank with its principal place of business in Little Rock, Arkansas. Bank of the Ozarks may be served with the Complaint via its registered agent: Greg McKinney, P.O. Box 8811, Little Rock, AR 72203.

5. Defendant Baldwin & Shell Construction Company ("Baldwin & Shell") is an Arkansas corporation in good standing with the Arkansas Secretary of State. Baldwin & Shell may be served with the Complaint via its registered agent: Robert J. Shell, 1000 West Capitol, Little Rock, AR 72203.

6. Defendant, D&A Enterprises Inc. d/b/a SERVPRO of Fort Collins ("SERVPRO") is a Colorado corporation in good standing with the Colorado Secretary of State. SERVPRO may be served with the Complaint via its registered agent: Daniel Jeffries, 308 N. Link Lane, Fort Collins, CO 80524.

7. Defendant, Dixon Hughes Goodman LLP d/b/a DHG Healthcare ("DHG"), is an accounting firm with office in Memphis Tennessee and a principal place of business in Charlotte, North Carolina. DHG may be served with the Complaint via its registered agent: CT Corporation System, STE 2021, 800 S. Gay St., Knoxville, TN 37929-9710.

1229095-v1

8. Defendant, Crittenden County, is a governmental subdivision organized under the Constitution and the laws of the State of Arkansas.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. §157. This is a core proceeding under 28 U.S.C. §157 (b)(2)(A), (E) and (K) and a final judgment can be entered by the Bankruptcy Court.

10. This action is filed pursuant to Rule 22 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7022. Federal is or may be exposed to double or multiple liabilities as to the Defendants in relation to certain insurance proceeds. Rules 22 and 7022 permit Federal to join the Defendants in this interpleader action and authorizes this Court to adjudicate this matter.

## COUNT I
## INTERPLEADER

11. Federal incorporates the allegations of paragraphs 1 through 10 above.

12. Federal is an innocent stakeholder seeking to interplead funds into the Court Registry or as directed by the Court in order to resolve conflicting claims to the insurance proceeds.

13. On August 16, 2013, Federal issued a property insurance policy to CRH for the period of August 1, 2013 to August 1, 2014, Policy No. 3601-92-65BOS ("the Policy"). The named insured was Crittenden Regional Hospital. No Loss Payee Mortgagee endorsement was issued on the Policy stipulating to any "other" interests.

14. In June and July of 2014, two fires occurred at the CRH premises, causing substantial damage to the facility. The first claim, claim number 040514037608, relates to a fire on June 6, 2014, that damaged the main hospital

3

building ("the Main Hospital Claim"). The second claim under the Policy, claim number 047514029582, relates to a fire in the MRI Building that occurred on July 1, 2014 ("the MRI Building Claim").

15. Immediately following the June 6, 2014 fire, CRH engaged the services of SERVPRO to provide all necessary assistance on the Emergency Responses such as drying, cleaning, debris removal, temporary utilities and similar and related services as set forth in the agreement between CRH and SERVPRO. CRH also engaged the services of Baldwin & Shell contractors with whom CRH had worked over the years. CRH also retained a number of other specialty companies to assist in repairs.

16. On July 1, 2014, representatives of Federal and its consultant Grecco Construction Consulting (GCC) met with representative of CRH and certain of its vendors, including but not limited to SERVPRO and Baldwin & Shell, at the hospital property with the objective of assisting CRH in creating a plan to get the hospital operational quickly and to streamline the review and processing of invoices submitted to CRH and payments by Federal to CRH. Vendors were requested to submit invoices CRH and to simultaneously submit the same invoices to GCC in order to expedite review. At that meeting it was explained that CRH would be retaining and contracting directly with all service providers and contractors that invoices would be submitted to CRH and that CRH would be making all payments to the contractors and service providers. This system worked well throughout July and August 2014. Since each loss occurred, Federal has paid CRH a total of $8,381,000.00 in various features arising from the Main Hospital Claim and has advanced to CRH $40,000.00 related to the MRI Building Claim. All payments by Federal were made to CRH as the named insured. At no time did Federal or GCC contract with or agree to pay any vendors directly. At no time was Federal

4

1229095-v1

instructed by CRH to pay any Vendors directly. None of the vendors are loss payees or mortgagees under the Policy

17. Despite having reopened the main hospital on July 27, 2014, in late August, CRH announced that its preexisting financial difficulties were insurmountable and that it was going to close the hospital. Upon this announcement, vendors and creditors became concerned and began making demand directly upon Federal.

18. Federal has received a demand from Defendant Bank of Ozarks as Indenture Trustee that the Policy proceeds be paid directly to the bank and that the bank be retroactively added as a named insured under the Policy. Bank of the Ozarks is the Indenture Trustee for the bondholders under a Trust Indenture dated as of December 1, 2007, and filed of record in Crittenden County on December 28, 2007 as instrument number 9579 and at Record Book 1320, Page 676.

19. The Indenture Trustee claims that obligations of the Hospital are secured by the Trust Indenture as well as a Leasehold Mortgage and Security Agreement ("Leasehold Mortgage") dated December 1, 2007 and filed on December 28, 2007 in Book 1320, Page 656. Under the terms of the Trust Indenture, the Indenture Trustee claims that it is to be named as an "additional insured" on all policies, except workers compensation insurance, and, if any claim exceeds $50,000.00, the proceeds are to be paid to the Trustee. The Indenture Trustee further claims that Section 17.02 of the Trust Indenture requires an insurance claim in excess of $500,000.00 to be paid to the Indenture Trustee and dealt with according to the provisions of the Trust Indenture. Further, the Indenture Trustee claims a security interest in all insurance proceeds under the Leasehold Mortgage. A copy of correspondence from counsel for Bank of the Ozarks is attached hereto as Exhibit 1.

5

20. SERVPRO claims that CRH still owes it a total of $2,473,907.51[1] pursuant to a service contract entered into on June 6, 2014. A copy of the service contract is attached hereto and incorporated herein as Exhibit 2. Federal was not a party to the contract between CRH and SERVPRO and did not receive notice of any assignment until August 29, 2014, after CRH announced its intention to close the hospital. Federal has never received instructions from its insured, CRH, to pay SERVPRO directly or to include SERVPRO on any checks. SERVPRO has now made demand upon Federal to pay the insurance proceeds to it for application to the outstanding indebtedness owed by CRH to SERVPRO. Copies of correspondence from SERVPRO and its counsel are attached hereto as Exhibit 3.

21. Baldwin & Shell claims that CRH owes it a total of $441,800.82[2] arising out of the construction work it has performed for the benefit of CRH and has also made demand upon Federal for payment of the insurance proceeds for application to the outstanding indebtedness owed by CRH to Baldwin & Shell. Federal was not a party to any contract between CRH and Baldwin & Shell and did not receive notice of any alleged assignment or claim to the insurance proceeds until after CRH announced its intention to close the hospital. Federal has never received instructions from its insured, CRH, to pay Baldwin & Shell directly or to include Baldwin & Shell on any checks. Copies of correspondence from Baldwin & Shell and its counsel are attached hereto as Exhibit 4.

22. DHG claims that CRH owes it a total of $118,682.00 for its services to CRH, including but not limited to loss preparation fees, and has made demand upon Federal for payment. A copy of the correspondence from DHG making demand is attached hereto as Exhibit 5. The limit on loss preparation under the terms of the

---

[1] This is the amount alleged by Servpro to be due from CRH and has not been verified by Federal.
[2] This is the amount alleged by Baldwin & Shell to be due from CRH and has not been verified by Federal.

6

1229095-v1

Policy is $50,000.00. The remainder of the claimed amount is not covered by the Policy.

23. In addition, the County of Crittenden is believed to be the owner of the property damaged as a result of the fire. On information and belief, CRH leased the property from Crittenden County, Arkansas, under a triple net lease wherein CRH is required to maintain, repair and insure all of the buildings. Federal anticipates that the County may claim an interest under the Policy for any unrepaired damage.

24. As a result of the foregoing, the Defendants assert adverse and conflicting claims to the Insurance Proceeds. Defendants have suggested that if Federal pays the wrong party, it may have to pay twice. Federal has been placed in the position of an innocent stakeholder with respect to the insurance proceeds and is faced with the prospect of multiple liability and incidental costs.

25. Federal remains obligated to pay further proper claims made under the Policy arising from the Main Hospital Claim. As of the filing of this Complaint, Federal has undisputed claims totaling $10,803,126.79 related to the Main Hospital Claim. Of this amount, Federal has already paid CRH a total of $8,381,000.00 in claims arising from the loss.[3] As of the filing of this Complaint Federal has approved additional claims related to the Main Hospital Claim totaling $2,422,126.79[4]. Federal is and at all times has been willing to deliver the insurance

---

[3] The amounts previously paid to CRH on the Main Hospital Claim includes payments related to repair of the building totaling $2,660,000.00, payments related to personal property loss of $750,000.00, payments related to debris removal of $900,000.00 and payments for business interruption and extra expenses in the amount of $4,071,000.00.

[4] The undisputed unpaid Main Hospital Claim is comprised of additional claims related to repair and/or loss of the building totaling $1,901,176.02, including $1,014,339.06 attributable to adjusted actual cash value of the unrepaired burn unit. Under the terms of the Policy, this actual cash value is payable as a result of the loss in the event the repairs are not actually made. If the repairs are made, this amount may be subject to replacement cost value (RCV) adjustment. The unpaid Main Hospital Claim also includes additional debris removal amounts of $200,357.77, additional business interruption and extra expense claims of $270,593.00 and the loss preparation fee claim of $50,000.00 (this being the limit under the Policy for loss preparation).

7

proceeds to the person or persons entitled to payment as proper claims have been made under the Policy. Federal believes that the sum of $2,422,126.79 (the "Unpaid Main Hospital Claim") is currently due and payable under the Policy. Additional amounts may be due as further information and detail in support of such is received.

26. In addition, Federal remains obligated to pay further proper claims made under the Policy arising from the separate MRI Building Claim. As of the filing of this Complaint, Federal has approved claims related to the MRI Building Loss totaling $323,709.29.[5] Of this undisputed amount, Federal has already advanced to CRH the sum of $40,000.00 on July 16, 2014 and Federal remains obligated to pay an undisputed balance of $283,709.29 (the "Unpaid MRI Building Claim").

27. Federal seeks to interplead the Unpaid MRI Building Claim and the Unpaid Main Hospital Claim insurance proceeds totaling $2,705,836.08 ($2,422,126.79 Unpaid Main Hospital Claim plus $283,709.29 Unpaid MRI Building Claim) to the registry of this Court or, alternatively, turnover such funds to the Trustee to be held in a segregated account or as otherwise directed by the Court.

## COUNT II
## DECLARATORY JUDGMENT

28. Federal incorporates the allegations of paragraphs 1 through 27.

29. There is an actual, ripe and live controversy between the parties regarding their respective rights to the proceeds under the Policy. Federal seeks a declaratory judgment pursuant Bankruptcy Rule 7001(9) to determine the validity, priority, and extent of any lien claimed to the insurance proceeds, or to determine the interest of CRH and the other Defendants in the insurance proceeds. The

---

[5] This amount is comprised of $133,557.29 related to repairs of the building, $175,652.00 for personal property loss and $24,500.00 for business interruption and extra expense claims, less the $10,000.00 deductible.

8

1229095-v1

Defendants are therefore a proper party to this action. The court should determine the interest of each defendant in the insurance proceeds that are currently payable and any additional insurance proceeds that are determined to be payable under the Policy.

WHEREFORE, Interpleader Federal Insurance Company requests that Defendants Crittenden Hospital Association d/b/a Crittenden Regional Hospital, A. Jan Thomas Jr., Bank of the Ozarks, D&A Enterprises Inc. d/b/a/ SERVPRO, Baldwin & Shell Construction Company, Dixon Hughes Goodman LLP d/b/a DHG Healthcare and Crittenden County, Arkansas be cited to answer herein, interpleading their claims to the insurance proceeds, and that, after trial or other final hearing, Federal have the following:

(i) Injunctive relief restraining each of the Defendants from instituting or maintaining any additional action against Federal for payment under the Policy;

(ii) That Federal be released and discharged from all liability to any party to this action on account of any matter relating to the Policy

(iii) That Federal have and recover from the interplead funds reasonable fees for the service of its attorneys, together with all costs of court and expenses incurred by it in this suit;

(iv) That Federal be permitted to deposit the pending payments into the Court Registry and that the Court Registry be authorized to continue to accept the payments which may hereafter approved, when due, until the Court determines the proper payee or, alternatively, that the court enter an order permitting Federal turnover the pending payment to the Trustee and that all liens and claims attach to the proceeds; and

(v) Such other and further relief, at law or in equity, to which Federal may be justly entitled.

Dated this 17 day of Sept., 2014.

                                        Respectfully submitted,

                                        WRIGHT, LINDSEY & JENNINGS, LLP

                                        By: _____
                                        Charles T. Coleman (80030)
                                        Kimberly W. Tucker (83175)
                                        Wright, Lindsey & Jennings, LLP
                                        200 West Capitol Avenue
                                        Suite 2300
                                        Little Rock, Arkansas 72201
                                          Telephone:  501-371-0808
                                          Email:    ccolman@wlj.com
                                                          ktucker@wlj.com

                                        ATTORNEYS FOR INTERPLEADER
                                        FEDERAL INSURANCE COMPANY

1229095-v1